## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 25-cv-21849-JB**

ROSARIO ALVAREZ CANTUN,

      Plaintiff,

v.

MIAMI-DADE PUBLIC HOUSING AND
COMMUNITY DEVELOPMENT and
ROYAL AMERICAN MANAGEMENT,
INC.

      Defendants.

_____/

## ORDER DENYING EMRGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court on the *pro se* Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). ECF No. [36].   In her Motion, Plaintiff urges the Court to enter a temporary restraining order and preliminary injunction preventing Defendants from pursuing eviction proceedings against her during the pendency of this action.  *Id.*  In their Response, Defendants assert that the Court is prohibited from granting the relief Plaintiff seeks and further argues that Plaintiff cannot satisfy the requirements for the issuance of a preliminary injunction.  ECF No. [42].  On March 23, 2026, Plaintiff filed her Reply.  ECF No. [47].  Upon due consideration of the parties' submissions, the record, and the relevant legal authorities, it is **ORDERED AND ADJUDGED** that the Motion, ECF No. [36], is **DENIED**.

## I.    BACKGROUND

On April 23, 2025, Plaintiff filed a complaint for damages and injunctive relief, in which she asserts claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. ECF No. [1] ¶¶39−55. Plaintiff alleges that on February 10, 2026, eviction proceedings against her were filed in the County Court of the Eleventh Judicial Circuit. ECF No. [36] at 4. Plaintiff now proceeding *pro se*, filed the instant Motion seeking a temporary restraining order and preliminary injunction preventing Defendants from terminating her tenancy during the pendency of this action.  ECF No. [36].  Plaintiff, in highlighting the expedited nature of her request, also requested that the Motion be addressed by the Court without a hearing.  *Id.* at 7.

In response, Defendants argue that Plaintiff's request to enjoin the state court eviction proceedings is explicitly prohibited by the Anti-Injunction Act. ECF No. [42]. Furthermore, Defendants posit that Plaintiff cannot satisfy the stringent requirements for injunctive relief given that she cannot show: 1) likelihood of success on the merits of this action, 2) irreparable harm, 3) that the balance of equities weighs in her favor, 4) and that the granting of her requested relief would be beneficial to the public interest.  *Id.*

In reply, Plaintiff argues that not only are Defendants' arguments insufficient, but also that they support her claims of disparate treatment.  ECF No. [47]. Furthermore, she reiterates that the temporary restraining order and preliminary injunction factors fall in her favor. *Id.* at 6−7.  Additionally, Plaintiff argues, for the

first time, that an injunction is permitted under the second exception to the Anti-Injunction Act. *Id.* at 5.

## II.   ANALYSIS

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Unless the injunction falls within one of the three specifically defined exceptions mentioned above, the prohibition against enjoining state court proceedings is absolute. *See Burr & Forman v. Blair,* 470 F.3d 1019, 1028 (11th Cir.2006) ("[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti–Injunction Act."). "The Anti-Injunction Act cannot be avoided by framing the injunction as directed against a state court litigant instead of against the state court." *Kantsepolsky v. River Shores Ass'n, Inc.*, No. 25-61725-CIV, 2025 WL 3140268 at *4 (S.D. Fla. Nov. 10, 2025) (citing *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)).

It is well-settled that the Anti-Injunction Act prohibits a federal court from enjoining a state court action for eviction or foreclosure. *See, e.g., Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655-56 (11th Cir. 2014) (holding that Anti-Injunction Act prohibited a federal district court from enjoining pending state court eviction proceedings in a FHA case); *see also Kelly v. Day PVC*, No. 8:26-CV-220-MSS-NHA,

2026 WL 362794 (M.D. Fla. Feb. 10, 2026) (same); *Hamilton v. Carrington Mortg. Serv., LLC*, No. 1:25-CV-02827-SEG, 2025 WL 2888937 (N.D. Ga. June 10, 2025) (same); *Estate of Bamberg v. Regions Bank*, No. 1:14-cv-01960-JEC, 2014 WL 2957815 (N.D. Ga. June 30, 2014) (same); *cf. Gomez v. Wash. Mut. Bank*, No. 17-cv-60960-WPD, 2017 WL 6949244, at *1 (S.D. Fla. Apr. 13, 2017) (holding that "[n]one of [the Anti-Injunction Act's] three exceptions apply to requests of federal courts for a preliminary injunction to enjoin the execution of a state court judgment that authorizes an eviction."); *Chester v. Bank of Am.*, No. 1:14-CV-00027-JEC-GGB, 2014 WL 12323683, at *3 (N.D. Ga. Mar. 17, 2014) ("The federal courts in this circuit and elsewhere that have addressed this issue have uniformly held that the Anti-Injunction Act bars a request for a preliminary injunction to enjoin the execution of a state court judgment that authorizes an eviction.").

Here, Plaintiff requests that the Court enjoin the state court eviction proceedings against her.  The Court has no authority to do so.  Plaintiff argues that the relief she requests is not barred by the Anti-Injunction Act because her claim falls squarely within the Act's "expressly authorized" exception.  ECF No. [36] at 6. Specifically, Plaintiff asserts that the relief she requests falls under the FHA, which authorizes federal courts to grant appropriate injunctive relief to remedy discrimination and retaliation in housing.  *Id.*  Plaintiff makes no argument in relation to her claim under the Rehabilitation Act.  *See generally*, ECF No. [36]. Plaintiff's argument is unpersuasive.

In *Mitchum v. Foster,* 407 U.S. 225 (1972), the Supreme Court prescribed a

two-part analysis for determining whether a federal statute comes within the Anti–Injunction Act's "expressly authorized" exception: (1) the statute "must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity," *and* (2) the federal right or remedy must be such that it can be "given its intended scope only by the stay of a state court proceeding." *Id.* at 237–38 (emphasis added).   As the Eleventh Circuit recognized in *Mercer*, the FHA "is expressly enforceable in both state and federal courts."  *Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655 (11th Cir. 2014).  The *Mercer* court held that the plaintiff's FHA claim did not fall under the first exception to the Anti-Injunction Act and therefore an injunction could not issue on that basis.  *Id.*  In so holding, the *Mercer* court also noted that the plaintiff retained an avenue to challenge her eviction in state court through the appellate process.  *Id.*  Similarly, here, Plaintiff raises a FHA claim and can challenge an eviction in the state court proceedings, including though the appellate process.  Given that the FHA does not fall within the first exception to the Anti-Injunction Act, and that Plaintiff highlights no other exception that applies,[1]

---

[1] In her Reply, Plaintiff raises a new argument, namely that the Anti-Injunction Act's second exception applies.  ECF No. [47].  However, it is well-settled that a party cannot raise an argument for the first time in their reply brief.  *See* S.D. Fla. L. R. 7.1(c)(1) (requiring that a reply memorandum "be strictly limited to rebuttal of matters raised in the memorandum in opposition."); *Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (citation omitted); *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citations omitted) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.").  As such, the Court will not consider Plaintiff's new argument.  *See Foley v. Wells Fargo Bank,*

Plaintiff's request is barred by the Anti-Injunction Act.  *Mitchum*, 407 U.S. at 237–38; *see also Mercer*, 569 F. App'x at 655; *Kantsepolsky*, 2025 WL 3140268 at \*5.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. [36], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 27th day of March, 2026.

_____

JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

---

*N.A.,* 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered.").

Even if the Court were to consider Plaintiff's argument, the second exception to the Anti-Injunction Act is similarly inapplicable here.  The Eleventh Circuit made clear that "federal courts may enjoin state court proceedings based on the 'necessary in aid of its jurisdiction' exception in **only two** situations, where: "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *Mercer*, 569 F. App'x at 655–56 (citation omitted) (emphasis added).  Neither of those situations exist here.  Further, the Court notes that it is not necessary to enjoin the state court eviction proceedings "in aid of [this Court's] jurisdiction" because the state court eviction would not moot this action given that Plaintiff seeks, *inter alia*, declaratory and monetary relief in both her Complaint and proposed amended complaint.  *See* ECF Nos. [1] at 9–10, [38] at 19; *Philippeaux v. Apartment Inv. & Mngmt. Co.*, 598 F. App'x 640, 643 (11th Cir. 2015) ("That [plaintiff] vacated the apartment does not moot any claim for damages he may have suffered in the past as a result of [defendant's] alleged violations of the FHA and FFHA.").